109 P.3d 1125

STATE of Idaho, Plaintiff–Appellant,

v.

Trinity McNEIL, Defendant–Respondent.

No. 30655.

Court of Appeals of Idaho.

March 21, 2005.

384

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for appellant.

Alan E. Trimming, Ada County Public Defender; Nicholas Lloyd Wollen, Deputy Public Defender, Boise, for respondent.

SCHWARTZMAN, Judge Pro Tem.

The state appeals from the district court's intermediate appellate order vacating Trinity McNeil's judgment of conviction and sentence for misdemeanor battery and remanding for a new trial. For the reasons set forth below, we reverse the district court's order and reinstate McNeil's judgment of conviction as issued by the magistrate.

## I.

### FACTS AND PROCEDURE

After consuming alcohol at a bar in downtown Boise, Scott Main and his friend were standing on a sidewalk and made offensive comments to some individuals driving down the street. Liz Woodard approached Main and his friend, told them their actions were inappropriate, and asked them to leave. Main pushed or hit Woodard and she fell to the ground. An angry crowd immediately swarmed around Main and his friend. A member of the crowd stepped forward in Woodard's defense, but he was allegedly head-butted by Main. Main and his friend attempted to leave the area, but the angry crowd prevented them from doing so.

McNeil was in the same downtown area when the incident between Main and Woodard occurred. McNeil did not see Main push or hit Woodard, but he was told about the incident. After approaching the crowd, McNeil saw Woodard on the ground and Main swinging his arms around in a wild manner. McNeil also saw the crowd member who stepped forward in Woodard's defense on the ground. McNeil grabbed a beer bottle, approached Main from behind, and hit him over the head. Main responded by shoving McNeil a number of times until, eventually, both he and McNeil went through a plate glass window of a local business.

McNeil was charged with misdemeanor battery, I.C. § 18–903. At trial, Woodard testified that Main punched her in the jaw with a closed fist. Additionally, the crowd member who stepped forward in Woodard's defense testified that Main head-butted him. McNeil testified that when he saw Woodard on the ground, he was under the impression that Main had assaulted her. McNeil asserted that, when he hit Main with the bottle, he intended to help his friends and protect them from further injury.

At the close of the evidence, McNeil requested that the magistrate give the jury an instruction on the defense of others. The magistrate declined, determining that Main's conduct did not rise to the level of aggravated assault necessary to trigger the self-defense and defense of others immunity statute, I.C. § 19–202A.[1] The jury found McNeil guilty and McNeil appealed to the district court.

On appeal, McNeil argued that the magistrate erred in failing to instruct the jury on the affirmative defense of others. The district court reviewed Section 19–202A and concluded that a more expansive interpretation should be given to the statute over and above its limitations to victims of aggravated assault or other serious crimes catalogued in the statute.[2] The district court then held that the denial of the requested jury instruction was error and vacated McNeil's judgment of conviction and sentence. The state appeals.

## II.

## ANALYSIS

On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *State v. Bowman*, 124 Idaho 936, 939, 866 P.2d 193, 196 (Ct.App.1993).

The state argues that the magistrate was correct in not giving the requested defense of another jury instruction because Main's actions did not rise to the level of an aggravated assault or other heinous conduct as required by Section 19–202A before its provisions may be invoked. However, after reviewing Section 19–202A, we find it unnecessary to make such a determination. Rather, a correct analysis should be completed under the broader defense of others statute, I.C. § 19–203.

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct.App.2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct.App.2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction, it has the duty to ascertain the legislative intent and give effect to that intent. *Rhode*, 133 Idaho at 462, 988 P.2d at 688. To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Id.* It is incumbent upon a court to give a statute an interpretation which will not render it a nullity. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct.App.2001).

Idaho Code Section 19–203, which must be read in conjunction with I.C. §§ 19–201[3] .and 19–202[4], provides: "Any other per-

---

1. Idaho Code Section 19–202A provides:
   No person in this state shall be placed in legal jeopardy of any kind whatsoever for protecting himself or his family by reasonable means necessary, or when coming to the aid of another whom he reasonably believes to be in imminent danger of or the victim of aggravated assault, robbery, rape, murder or other heinous crime.

2. The district court cited to the broader view based upon the common law defense of others theory, that one is justified in using reasonable

force in the defense of another person, even a stranger, when he or she reasonably believes that the other is in immediate danger of unlawful bodily harm from his or her adversary and that the use of such force is necessary to avoid the danger. *See* Wayne R. Lafave, Substantive Criminal Law § 10.5 (2d ed.2003).

3. Idaho Code Section 19–201 provides that lawful resistance to the commission of a public offense may be made by the party about to be injured or by other parties.

son, in aid or defense of the person about to be injured, may make resistance sufficient to prevent the offense." Section 19–203 embodies the common law defense of others and allows a defense to any individual who comes to the aid of a person about to be injured. However, Section 19–203 does not permit an individual to use just any force or to use force at any time. The use of force is limited to "resistance sufficient" to prevent the infliction of injury upon a person. The conduct and force employed by one who claims self-defense or defense of others must be reasonable. *State v. Hernandez*, 133 Idaho 576, 585, 990 P.2d 742, 751 (Ct.App.1999); *State v. Scroggins*, 91 Idaho 847, 849, 433 P.2d 117, 119 (1967); *see* ICJI 1518.[5] Additionally, the offense about to be committed must be imminent. An individual may use the defense of others if he or she acts under the reasonable belief that a third person is in imminent danger of violent injury. *See State v. Hoover*, 138 Idaho 414, 421, 64 P.3d 340, 347 (Ct.App.2003); *State v. Baker*, 103 Idaho 43, 45, 644 P.2d 365, 367 (Ct.App.1982). The defense is not available after the offense has already been completed. *See State v. Arrasmith*, 132 Idaho 33, 40, 966 P.2d 33, 40 (Ct.App.1998).

During the trial, McNeil acknowledged that he did not see the incident between Main and Woodard but was told about it. McNeil testified that he saw his friend Woodard, together with the crowd member who came to her defense, on the ground. McNeil stated that he saw Main swinging his arms around in a wild manner and that, when he broke the beer bottle over Main's head, he was trying to protect his friend from injury. McNeil further testified that, at the time he grabbed the beer bottle, he was under the impression that Main had assaulted or beat up Woodard and the crowd member who had come to her defense.

We hold that no reasonable view of the evidence would support the giving of the defense of others instruction.[6] McNeil's actions, coming to the aid of another through the use of a deadly weapon—the beer bottle—were unreasonable and excessive under the circumstances. Moreover, the danger or offense, which allegedly prompted his retaliatory conduct, was no longer imminent. When McNeil came across Main and his friend, they were surrounded by an angry crowd, and there was no testimony presented that Woodard was in immediate danger of being reinjured or that Main was reaching to assault anyone else.

Accordingly, even though the focus below was on Section 19–202A rather than Section 19–203, McNeil has failed to meet the required showing for the giving of the defense of others instruction. *See Hoover*, 138 Idaho at 421–22, 64 P.3d at 347–48. Based on this determination, we conclude that the magistrate did not err in rejecting the requested jury instruction.

## III.

## CONCLUSION

We conclude that the magistrate properly denied McNeil's request to give the jury

---

4.  Idaho Code Section 19–202 provides that resistance sufficient to prevent the offense may be made by the party about to be injured to prevent an offense against his or her person, family or some member thereof, or to prevent an illegal attempt by force to take or injure property in his or her lawful possession.

5.  Idaho Criminal Jury Instruction 1518 reads:
    The kind and degree of force which a person may lawfully use in [self-defense] [defense of another] are limited by what a reasonable person in the same situation as such person, seeing what that person sees and knowing what the person knows, then would believe to be necessary. Any use of force beyond that is regarded by the law as excessive. Although a person may believe that the person is acting, and may act, in [self-defense] [defense of another], the person is not justified in using a degree of force clearly in excess of that apparently and reasonably necessary under the existing facts and circumstances.

6.  The instruction on the defense of others which McNeil requested provides that in order to find that he acted justifiably in defense of another, he must have believed another person was in imminent danger of bodily harm and that the action he took was necessary to save the other person from the danger presented. Additionally, the circumstances must have been such that a reasonable person under similar circumstances would have believed that the other person was in imminent danger of bodily harm and that the action taken was necessary. *See* ICJI 1517.

instruction on the defense of others. The decision of the district court on intermediate appeal vacating the judgment of conviction and ordering a new trial is reversed. The original judgment of conviction and sentence from the magistrate is hereby reinstated.

Chief Judge PERRY and Judge LANSING concur.