IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 43219

| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 610 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 26, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ERIC S. TRENKLE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

Judgment of conviction for domestic violence in the presence of a child, vacated and case remanded.

Eric D. Fredericksen, Interim State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Eric S. Trenkle appeals from the district court's judgment of conviction for domestic violence in the presence of a child. Specifically, Trenkle argues the district court erred when it denied his request for a defense of property jury instruction. For the reasons explained below, we vacate Trenkle's judgment of conviction and remand.

I.

FACTUAL AND PROCEDURAL BACKGROUND

The State charged Trenkle with domestic violence in the presence of a child, Idaho Code §§ 18-918(2), 18-903(a), following an altercation with his girlfriend, the victim. Trenkle and the victim lived separately, and the victim lived in an apartment with their three children: S.T., K.T., and J.T. The victim testified at trial that, on the day of the altercation, she told Trenkle not to come to her apartment, but he showed up later that evening and fell asleep on the

1

couch. While he was sleeping, the victim looked through Trenkle's cellphone and found a message Trenkle sent another woman. The victim woke up Trenkle and told him to leave. Instead, Trenkle went into S.T.'s room and laid down in her bed to sleep. The victim told Trenkle, "If you're not going to get out of my house, I'm going to grab your phone and throw it out the door." She proceeded to grab Trenkle's cellphone and run out of the bedroom, and she attempted to throw the cellphone out the front door of the apartment. Trenkle pulled the victim back inside the apartment, and they wrestled on the living room floor. When the victim felt that it was getting out of hand, she dropped the cellphone. She testified that she told Trenkle she dropped the cellphone, to stop, and to get off of her. The victim testified that "it did not stop," and "somehow I was grabbed around the neck." Something hit the victim's forehead, and she lost consciousness. The victim testified that she did not know which part of Trenkle's body hit her forehead, nor did she know how much time elapsed between when she dropped the cellphone and when her forehead was hit. She described the altercation as "not a quiet situation" because both she and Trenkle were screaming.

At trial, Trenkle requested the district court instruct the jury on the defense of property. The district court declined, reasoning that the evidence did not support such an instruction. The jury found Trenkle guilty of domestic violence in the presence of a child. Trenkle timely appeals.

## II.
## ANALYSIS

### A. Jury Instruction

Trenkle argues the district court erred in denying his request for a defense of property jury instruction. Whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). An error in jury instructions only constitutes reversible error when the instruction misled the jury or prejudiced the party challenging the instruction. *State v. Row*, 131 Idaho 303, 310, 955 P.2d 1082, 1089 (1998). Accordingly, the question is whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993).

A trial court presiding over a criminal case must instruct the jury on all matters of law necessary for the jury's information. I.C. § 19-2132; *Severson*, 147 Idaho at 710, 215 P.3d at

430. In other words, a trial court must deliver instructions on the rules of law that are "material to the determination of the defendant's guilt or innocence." *State v. Mack*, 132 Idaho 480, 483, 974 P.2d 1109, 1112 (Ct. App. 1999). Each party is entitled to request the delivery of specific instructions. However, such instructions will only be given if they are "correct and pertinent." Idaho Code § 19-2132. A proposed instruction is not "correct and pertinent" if it is (1) an erroneous statement of the law; (2) adequately covered by the other instructions; or (3) not supported by the facts of the case. *Severson*, 147 Idaho at 710-11, 215 P.3d at 430-31; *State v. Weeks*, 160 Idaho 195, 198, 370 P.3d 398, 401 (Ct. App. 2016).

Turning to the first prong, Trenkle requested the district court instruct the jury on defense of property, pursuant to Idaho Criminal Jury Instruction 1522.[1] The requested jury instruction contains the elements of Idaho Code §§ 19-201 and 19-202.[2] Moreover, the Idaho Criminal Jury Instructions are presumptively correct. *State v. Hopper*, 142 Idaho 512, 514, 129 P.3d 1261, 1263 (Ct. App. 2005). Thus, the requested jury instruction is a correct statement of the law.

Next, the record reflects that the district court did not instruct the jury on defense of property. Accordingly, the defense of property instruction was not covered adequately or at all by the other instructions.

The third prong presents the critical issue as it addresses the district court's ruling in denying the requested instruction. After Trenkle requested the district court instruct the jury on defense of property, the district court denied the request, stating that "I don't believe [the defense of property instruction is] supported by the evidence." Trenkle maintains the district court erred in its denial because the defense of property is supported by the facts of the case. In response, the State argues the record is void of evidence that Trenkle had possession of the cellphone when

---

[1]     Idaho Criminal Jury Instruction 1522 reads:

> When conditions are present which under the law justify a person in using force in defense of [another] [the person] [the person's family] [property in the person's lawful possession], that person may use such degree and extent of force as would appear to be reasonably necessary to prevent the threatened injury. Reasonableness is to be judged from the viewpoint of a reasonable person placed in the same position and seeing and knowing what the defendant then saw and knew. Any use of force beyond that limit is unjustified.

[2]     Idaho Code §§ 19-201 and 19-202 permit "lawful resistance to the commission of a public offense" in order "to prevent an illegal attempt by force to take or injure property in his lawful possession."

he battered the victim and that the force he used was reasonably necessary to prevent the threatened injury to his cellphone. The State's arguments lack merit on both accounts.

As to the former argument, it is not necessary that Trenkle had actual physical possession of the cellphone when the asserted defense of property occurred. Idaho Code § 19-202, which permits resistance "to prevent an illegal attempt by force to take or injure property in his lawful possession," does not distinguish between actual possession (defined as "physical occupancy or control over property") and constructive possession ("control or dominion over a property without actual possession or custody of it"). BLACK'S LAW DICTIONARY 1201 (8th ed. 2004). Rather, the statute refers to possession in general terms, which is defined as "[t]he fact of having or holding property in one's power; the exercise of dominion over property" and "[t]he right under which one may exercise control over something to the exclusion of others; the continuing exercise of a claim to the exclusive use of a material object." *Id.* In this case, there is evidence that Trenkle owned the property, that the victim knew he owned it, that the victim threatened injury to the property, that the victim had the ability to cause injury, and that the property was sufficiently proximate to Trenkle that he could act to prevent injury. The State's argument is wholly without merit.

Regarding the State's latter argument, whether force is reasonably necessary is a question of fact within the province of the jury. *State v. Garner*, 159 Idaho 896, 900, 367 P.3d 720, 724 (Ct. App. 2016). According to the record, the victim testified that she dropped the cellphone during the altercation with Trenkle. The victim testified that she told Trenkle, at least two times, that she had dropped the cellphone. She was then grabbed around the neck and something struck her head. The victim also testified that it was not a quiet altercation, and while she was screaming, Trenkle was screaming at the same time. Thus, it is not clear whether Trenkle heard the victim announce that she dropped the cellphone, nor is it clear how much time elapsed between the victim announcing she dropped the cellphone and being struck in the head. Trenkle's actions could be reasonably interpreted as resistance necessary to prevent an offense.

The State further argues there is no evidence to suggest there was an imminent threat that the victim would injure Trenkle's cellphone. The offense about to be committed must be imminent, and the defense is not available after the offense has already been completed. *State v. McNeil*, 141 Idaho 383, 386, 109 P.3d 1125, 1128 (Ct. App. 2005). For instance, in *State v. Walsh*, 141 Idaho 870, 872, 119 P.3d 645, 647 (Ct. App. 2005), the victim removed a box

4

containing tax documents from the defendant's vehicle and locked herself in bedroom with the box. The defendant opened the locked door and demanded to know where the box was located. *Id.* The victim responded that the box was in a safe place. *Id.* The defendant pushed the victim and was charged and convicted of domestic battery. *Id.* We affirmed the magistrate's refusal to instruct the jury on defense of property, concluding no evidence suggested there was an imminent threat that the victim would destroy the tax documents. *Id.* at 877, 119 P.3d at 652. Here, however, the victim testified that she grabbed Trenkle's cellphone, ran out of the bedroom, and attempted to throw the cellphone out the front door of the apartment. She further testified that she told Trenkle she was going to throw his cellphone out the door if he did not leave her apartment. Thus, unlike in *Walsh*, there was an imminent threat of injury to the cellphone. The proposed jury instruction was correct, and the evidence was sufficient to instruct on the defense. The district court therefore erred in denying Trenkle's request to instruct the jury on defense of property.

## B.     Harmless Error

Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). We examine whether the error complained of in the present case was harmless. *See State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005). Where a defendant meets his initial burden of showing that an objected-to error occurred, the State has the burden of demonstrating to the appellate court beyond a reasonable doubt that the error did not contribute to the jury's verdict. *State v. Perry*, 150 Idaho 209, 221-22, 245 P.3d 961, 973-74 (2010). Defense of property, under specific circumstances, justifies the use of force. Thus, had the jury found the defense applied in Trenkle's case, his use of force would have been deemed justified and he would not have been found guilty of domestic violence. The State failed to establish beyond a reasonable doubt that the error did not contribute to the jury's verdict.

## III.
## CONCLUSION

As set forth above, the district court erred in denying Trenkle's request to instruct the jury on the defense of property. Moreover, the error was not harmless. We therefore vacate Trenkle's judgment of conviction and remand to the district court.

Judge GRATTON and Judge HUSKEY **CONCUR**.