# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49370

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: November 30, 2023 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| TYREL GIBBS PORTER, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Power County. Hon. Rick Carnaroli, District Judge.

Judgment of conviction for burglary, <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge Pro Tem

Tyrel Gibbs Porter appeals from a judgment of conviction for burglary. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In the late afternoon on January 23, 2020, Porter was driving a car he borrowed from his employer. The car ran out of gas on the side of Interstate 86, and Porter began walking on a nearby road adjacent to the interstate notwithstanding the fact that his car came to a stop next to a sign indicating a rest area with a telephone was one mile ahead. There was snow on the ground, it was cold, and Porter was not dressed for cold weather. The first house that Porter came to on the road was the victim's home (by his own testimony, approximately a mile from where he left his car) which he entered. The victims were not at home. While inside the home, Porter ate food from the

1

kitchen, used a razor in the bathroom to attempt to remove a tattoo from his forehead, and put on one of the victim's coats and slippers. The occupants of the home pulled into the drive and saw Porter exiting their home. When one victim asked, "Were you in my home?" Porter answered, "I was." The victims identified several of their personal items in Porter's possession outside their home including clothing, shoes, a cell phone, a pill bottle, and keys to one of the victim's cars. When law enforcement officers arrived, Porter told them that he thought he was going to a rest area. He said he had previously been at a truck stop to use the restroom to attempt to remove a tattoo from his forehead. He became distressed because people kept coming in to use the restroom. He decided to leave the truck stop and drive east on the interstate.

The State charged Porter with burglary. I.C. § 18-1401. Porter pled not guilty and proceeded to trial. Before trial, Porter requested a necessity defense jury instruction. After the presentation of evidence, the district court ruled that there was not sufficient evidence to present the necessity defense to the jury. The jury found Porter guilty of burglary. Porter filed a motion for a new trial, then a subsequent amended motion for acquittal and a new trial arguing that the district court erred in refusing to instruct the jury on the necessity defense. At the motion hearing, the district court denied the amended motion, ruling that Porter did not meet the prima facie elements for the necessity defense jury instruction. Specifically, the district court found that Porter created the emergency by leaving the truck stop and driving in the cold where becoming stranded was possible. Also, the district court found that Porter had a number of reasonable alternatives other than entering the victim's home. Porter was granted a withheld judgment and was placed on supervised probation. Porter appeals.

## II.

## STANDARD OF REVIEW

Whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993). A defendant is entitled to a jury instruction on his or her theory of the case, but it need not be given if it is not supported by the facts of the case. *State v. Walsh*, 141 Idaho 870, 877, 119 P.3d 645, 652 (Ct. App. 2005).

ANALYSIS

Porter asserts that the district court erred by refusing to give his requested jury instruction on the necessity defense and that such denial violated his constitutional rights to due process and Sixth Amendment right to present a complete defense. Porter argues that the necessity defense would be properly presented to the jury because his borrowed car ran out of gas on the side of the road and he was underdressed for the freezing temperature. The State argues that the district court correctly found that Porter failed to present prima facie evidence for each element of the necessity defense.[1]

## A.     Necessity Defense

Porter first argues that he presented "some evidence on each of the elements of necessity," thereby showing that the district court erred in refusing to give the necessity defense jury instruction. The question of whether there is a reasonable view of the evidence that supports an instruction to the jury on the necessity defense is a matter of discretion for the district court. *State v. Howley*, 128 Idaho 874, 878, 920 P.2d 391, 395 (1996). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

A trial court presiding over a criminal trial must instruct the jury on all matters of law

---

[1]     The State also makes a broader argument that Porter cannot argue the affirmative defense of necessity while simultaneously arguing he just sought shelter from the cold without the intent to commit a theft. In essence, the State argues that if Porter's defense is that he entered the home without the intent to commit theft, then he is arguing the State failed to establish the intent element of the burglary, and there is no need to argue the burglary was legally justified because there was no burglary proven. On the other hand, if he is asserting an affirmative necessity defense, he is admitting the State established all the elements of and he committed the burglary, but the burglary was legally justified by necessity. In other words, the State argues Porter cannot simultaneously argue there was no burglary proven but that his commission of burglary was legally justified. However, because this issue was not raised by the State below, we do not further address this argument.

necessary for its information. I.C. § 19-2132. In other words, a trial court must deliver instructions on the rules of law that are material to the determination of the defendant's guilt or innocence. *State v. Mack*, 132 Idaho 480, 483, 974 P.2d 1109, 1112 (Ct. App. 1999). Each party is entitled to request the delivery of specific instructions. However, such instructions will only be given if they are "correct and pertinent." I.C. § 19-2132(a). A proposed instruction is not "correct and pertinent" if it is: (1) an erroneous statement of the law; (2) adequately covered by other instructions; or (3) not supported by the facts of the case. *State v. Meyer*, 161 Idaho 631, 634, 389 P.3d 176, 179 (2017). There is no entitlement to a jury instruction on a legal theory of defense when no reasonable view of the evidence supports the elements of the instruction. *See Howley*, 128 Idaho at 879, 920 P.2d at 396. If the requested instruction is not supported by the evidence, the trial court must reject the requested instruction. *Id.* at 878, 920 P.2d at 395.

The Idaho Supreme Court identified that necessity may be used as an affirmative defense to certain crimes. *State v. Hastings*, 118 Idaho 854, 855, 801 P.2d 563, 564 (1990). The Supreme Court identified four elements of the common law defense of necessity:

1. A specific threat of immediate harm;
2. The circumstances which necessitate the illegal act must not have been brought by the defendant;
3. The same objective could not have been accomplished by a less offensive alternative available to the actor;
4. The harm caused was not disproportionate to the harm avoided.

*Id.* In response to Porter's request to instruct the jury on the defense of necessity, the district court found that the evidence did not support the second and third elements.

The second element of the necessity defense is that the circumstances which create the necessity for the illegal act must not have been brought about by the defendant. The district court found that Porter did "apparently bring the circumstances about which created the immediate threat of harm," specifically that "to travel without enough gas in the tank is a choice" and to "be underdressed for the weather is a choice." The district court also noted that Porter left the warmth of the truck stop to travel, recognizing he likely had insufficient fuel to reach his destination. The district court heard evidence that Porter was at a truck stop with little gas in the car and left without getting fuel. Porter admitted to police officers that he knew he was low on gas when he left the truck stop and was hoping he could get to the rest area. Additionally, the district court noted that Porter would have known it was cold when he left the truck stop (a place of safety) to risk running

4

out of gas in freezing temperatures while underdressed for the weather. There was snow on the ground, deep enough to create footprints in the snow. Additionally, the record suggests Porter was wearing slippers and a jacket when he entered the house. When Porter was met outside the home by the victims, he was wearing a pair of shoes, a wool shirt and a hat that belonged to the victims. This suggests that he was underdressed for the weather and needed additional clothing to stay warm. The district court found that Porter created an emergency of his own making. The district court's findings are supported by the evidence. The district court did not abuse its discretion in refusing to give the requested instruction because no reasonable view of the evidence would support a finding that the circumstances which necessitated the illegal act were not brought about by the defendant.

The third element of the necessity defense is that the same objective could not have been accomplished by a less-offensive alternative available to the actor. The district court ruled that the third element was not met because Porter had the immediately available alternative of going to the rest area. Porter "could have gone to the rest area where there's a phone, where there's a restroom, where there's shelter" rather than entering a private residence. The district court found another possible alternative was to enter the garage to stay warm rather than enter the unoccupied home, eat their food, and "do other things that were testified to." The district court's findings are supported by the evidence. Accordingly, the district court did not abuse its discretion in refusing to give the requested instruction because no reasonable view of the evidence would support a finding that the same objective could not have been accomplished by a less offensive alternative available to the defendant.

## B.     Constitutional Claim

Porter argues his right to present a complete defense under the Sixth Amendment has been violated by the district court failing to give the necessity defense. *See California v. Trombetta*, 467 U.S. 479, 485 (1984). Porter asserts that "a defendant is entitled to have the jury instructed on every defense or theory of defense having any support in the evidence" and an "erroneous instruction that relieves the State of its burden to prove an element of a charged crime can be characterized as either a violation of due process, or a violation of the Sixth Amendment jury trial guarantee." A defendant is entitled to have the jury instructed on every defense having any support in evidence. *State v. Hansen*, 133 Idaho 323, 328, 986 P.2d 346, 351 (1999). Porter's theory of

5

defense was an affirmative defense of necessity. As discussed above, that defense did not have any evidentiary support. Thus, there was no error in the district court's refusal to instruct the jury on the necessity defense and no concomitant Constitutional error.

## IV.

## CONCLUSION

Porter has failed to show error in the district court's refusal to instruct the jury on the defense of necessity. Therefore, his judgment of conviction for burglary is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.