**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Luis Gerardo LOPEZ–JORQUERAS,
Defendant—Appellant.**

No. 03–10696.

United States Court of Appeals,
Ninth Circuit.

Submitted May 10, 2004.*

Decided May 14, 2004.

Judson Thomas Mihok, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Sean Bruner, Esq., Bruner & Upham, P.C., Tucson, AZ, for Defendant–Appellant.

Before: CANBY, KOZINSKI, and PAEZ, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**MEMORANDUM** **

Luis Lopez–Jorqueras appeals his 168–month sentence imposed following his guilty plea to possession of methamphetamine with intent to distribute and importation of methamphetamine. He contends that the district court erred in denying him a downward adjustment under U.S.S.G. § 3B1.2 for his role in the offense, and thus also denying him the benefit of the base offense level cap set forth in U.S.S.G. § 2D1.1(a)(3). We have jurisdiction under 28 U.S.C. § 1291, and we vacate the district court's judgment.

The district court accepted the presentence report's description of the offense conduct and found that Lopez–Jorqueras attempted to drive into the United States in his car, which had almost 59 pounds of methamphetamine in its tires. He had loaned the car to an acquaintance, who had loaded it with what Lopez–Jorqueras thought was 40 pounds of marijuana. After delivering the load and returning to Mexico on foot, he was to be paid $1,000. In light of these facts, the district court clearly erred in finding that Lopez–Jorqueras was not a minor or minimal participant because he transported a large quantity of drugs. His lack of knowledge is inconsistent with the conclusion that he was equal with other participants and was not entitled to a downward adjustment. *Cf. United States v. Rosales–Rodriguez*, 289 F.3d 1106, 1112 (9th Cir.) (large quantity of drugs and other facts supported inference that defendant purchased drugs and attempted to import them himself), *cert. denied*, 537 U.S. 1061, 123 S.Ct. 643, 154 L.Ed.2d 545 (2002); *United States v.*

---

*Murillo,* 255 F.3d 1169, 1179 (9th Cir.2001) (defendant had transported other loads).

**VACATED and REMANDED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts