**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jose Alfredo OREJEL–RAMIREZ,**
**Defendant—Appellant.**

No. 04–10536.
D.C. No. CR–04–00897–FRZ.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 5, 2005.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Susan Baumann, USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Thomas E. Higgins, Jr., Law Offices of Thomas E. Higgins Jr. Tucson, AZ, for Defendant–Appellant.

Before O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

## MEMORANDUM**

Defendant Jose A. Orejel–Ramirez appeals the sentence he received after pleading guilty to importation of, and possession with intent to distribute, five kilograms or more of cocaine. We have jurisdiction under 18 U.S.C. § 3742. We affirm as to those grounds raised on appeal but remand for consideration of *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc).

Orejel–Ramirez challenges his sentence on two grounds, neither of which are persuasive. First, the district court did not clearly err in refusing to designate Orejel–Ramirez as a "minimal" participant under the Federal Sentencing Guidelines, § 3B1.2. *See United States v. Rosales–Rodriguez,* 289 F.3d 1106, 1112 (9th Cir. 2002). Orejel–Ramirez admitted to being paid to transport a substantial amount of drugs into the United States. *See id.*

Second, the determination of drug quantity in Orejel–Ramirez's possession did not impermissibly result in an enhanced sentence based on facts not proven to a jury or admitted by the defendant. *See United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 748–49, 160 L.Ed.2d 621 (2005). The district court's sentence relied on the fact that both crimes for which Orejel–Ramirez pled guilty had as an element the possession or importation of five or more kilograms of cocaine. *See* 21 U.S.C. §§ 952(a) and 960(b)(1)(b)(B)(ii), and 841(b)(1)(ii)(II); *see also United States v. Beaudion*, 416 F.3d 965, 970 (9th Cir.2005).

A limited remand is nonetheless appropriate pursuant to *Ameline.* We cannot ascertain from the record whether the sentence "imposed [by the district court] would have been materially different had the district court known that the sentencing guidelines were advisory." *Id.* at 1074; *see United States v. Moreno–Hernandez*, 397 F.3d 1248 (9th Cir.2005), *as amended* —— F.3d ——, ——, 2005 WL 1560269, at *2 (9th Cir. July 5, 2005) (ordering limited remand to unpreserved non-constitutional *Booker* errors). On remand, the district court shall give Orejel–Ramirez the opportunity to indicate if he wishes to pursue resentencing. *See Ameline*, 409 F.3d at 1084.

**AFFIRMED IN PART; REMANDED IN PART.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.