MEMORANDUM *
Donald Letellier appeals the district judge’s decision not to recuse himself under 28 U.S.C. § 455 and his 188-month sentence for his convictions of one count of conspiracy to distribute controlled substances and five counts of distribution of methamphetamine.
The district court judge would be required to disqualify himself if a “reasonable person with knowledge of all of the facts would conclude that the judge’s impartiality might reasonably be questioned.”[1] There is nothing in the record *547 to suggest that Judge George’s impartiality can “reasonably” be questioned. Letellier argues that the district court improperly injected itself in the plea bargaining process in violation of Federal Rule of Criminal Procedure 11, and that fact demonstrates the need for recusal. But the record does not demonstrate a Rule 11 violation, nor any damage to the reality or appearance of impartiality.
Letellier argues that the district court erred by using the “pure” weight of the methamphetamine to establish his base offense level. The sentencing judge determined the pure drug weight from the Probation Office’s finding that the drugs involved in these transactions equated to 267.2 grams of pure methamphetamine. He is allowed to conduct extra-judicial fact-finding and “rely upon undisputed statements in the PSR at sentencing.”[2] Therefore the court did not err in finding that Letellier’s base offense level is 34.
The district court did not err in any of its Sentencing Guideline decisions. It was not clearly erroneous for the sentencing judge to deny Letellier the third point reduction under U.S.S.G. § 3E1.1, because Letellier withdrew his original guilty plea and pleaded guilty more than one year later on the eve of trial after preparation had been completed.[3] The court did not err in determining that Letellier, who personally facilitated all five drug transactions, was not entitled to a “minor role reduction” under U.S.S.G. § 3B1.2.[4] Lastly, Letellier cannot show that it “is clearly improbable that [his] weapon was connected with” the drug transactions,[5] so the sentencing judge was correct in adding the two level enhancement under U.S.S.G. § 2D1.1.
Letellier argues that the district court erred by applying the career offender enhancement under U.S.S.G. § 4B1.1. Even if this were an error, it is harmless because Letellier’s base offense level is 34 and criminal history category is VI independent of the career offender enhancement.[6]
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

. United States v. Wilkerson, 208 F.3d 794, 797 (9th Cir.2000) (internal citations omitted).

. United States v. Ameline, 409 F.3d 1073, 1085 (9th Cir.2005) (enbanc).

. See United States v. Chee, 110 F.3d 1489, 1495 (9th Cir.1997).

. See United States v. Rosales-Rodriguez, 289 F.3d 1106, 1112 (9th Cir.2002).

. See U.S.S.G. § 2D1.1 app. n. 3. See also United States v. Restrepo, 884 F.2d 1294, 1296 (9th Cir.1989).

. See United States v. Mendoza, 121 F.3d 510, 513-14 (9th Cir.1997).