**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Roberto RODRIGUEZ,**
**Defendant–Appellant.**

**No. 06–50376.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 9, 2007 *.

Filed March 14, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Anna Lou Tirol, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Michelle D. Anderson, Esq., Law Offices of Michelle D. Anderson, San Diego, CA, for Defendant–Appellant.

Before: RYMER, WARDLAW, and SMITH, Circuit Judges.

### MEMORANDUM **

Jose Roberto Rodriguez appeals his sentence after pleading guilty without a plea agreement to a charge of importation of almost 100 kilograms of marijuana. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ The district court did not err in refusing to grant Rodriguez a decrease in his offense level based on a minor role under USSG § 3B1.2. We review a district court's application of the sentencing guidelines for abuse of discretion. *United States v. Rojas–Millan*, 234 F.3d 464, 472 (9th Cir.2000). "The defendant has the burden of proving that he is entitled to a downward adjustment based on his role in the offense by a preponderance of the evidence." *United States v. Rosales–Rodriguez*, 289 F.3d 1106, 1112 (9th Cir.2002) (quoting *United States v. Davis*, 36 F.3d 1424, 1436 (9th Cir.1994)). Here, the district court applied the proper legal standard, and correctly noted that "the fact that a defendant acted as a drug courier does not necessarily mean that his role was minimal or minor." (citing *Davis*, 36 F.3d at 1436). Significant evidence weighed against finding that Rodriguez played a minor role. He admitted driving two different load vehicles across the border and was paid large sums of money. Rodriguez knowingly transported a large volume of narcotics in the load vehicles. He also participated in filling out DMV documents for one of the two load vehicles. The district court did not abuse its discretion in finding that this evidence outweighed any evidence suggesting that Rodriguez played a minor role.

■ Even assuming that the footnote in Rodriguez's Sentencing Memorandum was sufficient to preserve the vindictive prosecution claim, no such claim is established here. Unlike the situation where the government files additional charges or seeks a sentencing enhancement by filing an information alleging prior convictions, *cf. United States v. Gamez–Orduño*, 235 F.3d 453, 462 (9th Cir.2000), the decision whether or not to make a role adjustment is entirely within the court's, and not the government prosecutor's, discretion.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Accordingly, the sentence is **AF-FIRMED**.