FILED

JAN 29 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50508 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-02138-IEG-1 |
| v. | |
| OSCAR JAVIER BELTRAN-LASTRA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Chief District Judge, Presiding

Argued and Submitted January 14, 2010
Pasadena, California

Before: SCHROEDER, CANBY and McKEOWN, Circuit Judges.

Oscar Beltran-Lastra appeals his jury conviction and sentence for

importation of marijuana in violation of 21 U.S.C. §§ 952 and 960, and possession

with intent to distribute in violation of 21 U.S.C. § 841(a)(1).  We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

With respect to Beltran-Lastra's challenge to the admission of other acts evidence under Federal Rules of Evidence 403 and 404(b), the government has made strong arguments as to the materiality of Beltran-Lastra's prior border crossings, in conjunction with the evidence of his demeanor. Judge Gonzales appropriately admitted this evidence. Yet even assuming that the court erred in admitting this evidence, this error was harmless in light of the other evidence of Beltran-Lastra's culpability. See United States v. Romero, 282 F.3d 683, 688 (9th Cir. 2002).

Because Beltran-Lastra failed to preserve a number of his objections in district court, we review them for plain error. United States v. Crawford, 239 F.3d 1086, 1091 (9th Cir. 2001). The admission of Officer Aguilar's testimony as to Beltran-Lastra's demeanor and prior statements did not constitute plain error because it did not cause prejudice to Beltran-Lastra's substantial rights. See United States v. Perez, 116 F.3d 840, 846 (9th Cir. 1997) (en banc).

Nor did the district court abuse its discretion in admitting Officer Taylor's testimony regarding the condition of Beltran-Lastra's bus as the lack of disclosure under Federal Rule of Criminal Procedure 16(a)(1)(G) caused Beltran-Lastra no prejudice. See United States v. Figueroa-Lopez, 125 F.3d 1241, 1247 (9th Cir. 1997). Contrary to the argument in the opening brief, Officer Taylor did not testify

2

to Beltran-Lastra's mental state in violation of Federal Rule of Evidence 704 or as an expert with regard to the condition of the bus and the suitability of the bus for commercial use.

Beltran-Lastra also challenges Judge Burns' instructions to the grand jury. Indeed, improper characterization and praise of the U.S. Attorney can result in reversible error. We caution against the court's placing a stamp of approval on the prosecutor, such as the court's statement here that "my experience is that the prosecutors don't play hide-the-ball." Although the court may have been somewhat overzealous in its praise of the government, the district court's instructions regarding the U.S. Attorney's duty to present exculpatory evidence did not rise to the level of structural error. See United States v. Isgro, 974 F.2d 1091, 1094 (9th Cir. 1992). Nor do all of the alleged errors, taken together, amount to reversible cumulative error.

Finally, the district court did not commit clear error in denying Beltran-Lastra's request for a minor role adjustment under U.S.S.G. § 3B1.2 where Beltran-Lastra was the sole driver and occupant of a vehicle containing a large quantity of drugs. See United States v. Rosales-Rodriguez, 289 F.3d 1106, 1112 (9th Cir. 2002).

**AFFIRMED**.