**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10145 |
| Plaintiff - Appellee, | D.C. No. CR-08-0295-FRZ-GEE |
| v. | |
| ARAMIS GARCIA-AGUIAR, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court for
the District of Arizona
Frank R. Zapata, Chief Judge, Presiding

Argued and Submitted March 8, 2010
San Francisco, CA

Before: B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Defendant Aramis Garcia-Aguiar ("Garcia-Aguiar") appeals from the

district court's: (1) judgment entered after a jury found Garcia-Aguiar guilty of

one count of importation and one count of possession of approximately 22.63

kilograms of cocaine; and (2) imposition of concurrent sentences of 102 months'

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1

imprisonment to be followed by 5 years' supervised release. On February 1, 2008, Customs and Border Patrol ("Customs") officers arrested Garcia-Aguiar after he entered the United States via the Mariposa Point of Entry in Nogales, Arizona with 22.63 kilograms of cocaine hidden in the undercarriage of his vehicle. After a jury found Garcia-Aguiar guilty of both counts, the district court imposed a 102-month sentence of imprisonment after granting downward adjustments for "safety valve" and acceptance of responsibility, which resulted in a sentencing guideline range of 97-121 months imprisonment.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion when it denied Garcia-Aguiar's motion to exclude from evidence the cartridge-carrying rifle magazines found in the trunk of his car when he was arrested. The evidence was relevant to prove that Garcia-Aguiar knew that the cocaine was in his vehicle, for, after an initial denial, he eventually admitted the magazines were his; this acknowledgment tended to show Garcia-Aguiar knew the contents of his car, including the cocaine. The district court carefully considered any potential prejudicial value of the evidence that Garcia-Aguiar had such rifle magazines in his car and determined that any danger of prejudice did not "substantially outweigh" the probative value of the

2

evidence. Fed. R. Evid. 403; *see United States v. Green*, 648 F.2d 587, 595 (9th Cir. 1981).

The district court's decision to exclude bus and airline tickets as irrelevant was not an abuse of discretion because there was no foundational evidence (1) that Garcia-Aguiar had traveled on the tickets, or (2) assuming that he had traveled, that anyone but Garcia-Aguiar himself had control over the vehicle. Indeed, the dates of Garcia-Aguiar's claimed travel were *consistent* with the dates on which the Mercury Sable crossed the border (there were crossings when he was in the area and none when he supposedly was in New York); admission of the tickets likely would have strengthened the government's case. In any event, the tickets' irrelevance to what Garcia-Aguiar attempted to prove made them inadmissible, Fed. R. Evid. 402, and clearly any error was harmless.

Garcia-Aguiar's trial was not fundamentally unfair due to cumulative errors. Because there was no error at trial that Garcia preserved on appeal, he cannot show cumulative error made his trial fundamentally unfair. *See, e.g.*, *United States v. Jeremiah*, 493 F.3d 1042, 1047 (9th Cir. 2007) ("[B]ecause we hold that there was no error committed by the district court, Jeremiah's theory of cumulative error necessarily fails.").

The district court did not clearly err in finding that Garcia-Aguiar failed to prove he was entitled to a "minor role" downward adjustment to his sentence. Garcia-Aguiar possessed a significant amount of cocaine. Garcia-Aguiar's only evidence in support of his minor role was his own self-serving statements, which a district court need not accept in determining a defendant's role in a drug organization. *United States v. Lui*, 941 F.2d 844, 849 (9th Cir. 1991). Finally, although a "mere courier" may be entitled to a minor role adjustment, the fact a defendant acted as a drug courier does not mean his role was minor. There was evidence Garcia-Aguiar knew he was carrying contraband in exchange for money. There was also evidence to support an inference that Garcia-Aguiar purchased the drugs and attempted to import them himself. *United States v. Rosales-Rodriguez*, 289 F.3d 1106, 1112 (9th Cir. 2002).

We also uphold Garcia-Aguiar's 102-month sentence, which is near the bottom of the guidelines range. Garcia-Aguiar's counsel argued at the final sentencing hearing that Garcia-Aguiar deserved consideration outside of the 18 U.S.C. § 3553(a) sentencing factors due to his immigration status (i.e., the possibility of indefinite detention by immigration officials following imprisonment). The district court stated it considered Garcia-Aguiar's request for a lower sentence and, based on its consideration of the § 3553(a) sentencing

4

factors, rejected the request and instead sentenced him at the low end of the sentencing guidelines range. *See United States v. Carty*, 520 F.3d 984, 992–93 (9th Cir. 2008) (en banc). In doing so, the district court committed no procedural error.

**AFFIRMED.**