**NOT FOR PUBLICATION**

**FILED**

OCT 21 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    22-50292 |
| Plaintiff-Appellee, | D.C. No.<br>2:15-cr-00407-TJH-3 |
| v. | |
| LEPRINCETON DEWON BURKS, AKA P,<br>AKA Dapper P, AKA Pete Williams, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

Argued and Submitted October 7, 2024
Pasadena, California

Before:  PAEZ, NGUYEN, and HURWITZ, Circuit Judges.

LePrinceton Burks appeals his convictions and sentence for conspiring to

produce, producing, and possessing child pornography in violation of

18 U.S.C. §§ 2251(a), 2251(e), and 2252A(a)(5)(B).  We have jurisdiction under

8 U.S.C. § 3742 and 28 U.S.C. § 1291.  We affirm Burks's convictions, reverse the

district court's application of the obstruction of justice enhancement, vacate the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

sentence, and remand for resentencing.

1. The district court did not err in denying Burks's motion to suppress evidence found in the hotel room. In finding that "it is fairly clear that" Burks "did not have a Fourth Amendment interest," the district court implicitly rejected Burks's testimony and declaration—the only evidence he provided to establish a reasonable expectation of privacy—as either not credible or mere "bald assertions." *United States v. Armenta*, 69 F.3d 304, 308 (9th Cir. 1995). We agree that, on this record, Burks failed to demonstrate a reasonable expectation of privacy in the hotel room. But even assuming otherwise, exigent circumstances justified the officers' warrantless entry. *See United States v. Reyes-Bosque*, 596 F.3d 1017, 1029–1030 (9th Cir. 2010). The officers reasonably believed that a young woman, reported kidnapped and held by pimps, was potentially in danger. *See, e.g.*, *United States v. Brooks*, 367 F.3d 1128, 1135 (9th Cir. 2004). Their ensuing search was also reasonable in its scope and manner. *See Reyes-Bosque*, 596 F.3d at 1029–1030. As such, no constitutional violation occurred, and a remand to conduct further factual findings is unnecessary. *See United States v. Magdirila*, 962 F.3d 1152, 1156 (9th Cir. 2020) ("Where the district court does not make a finding on a precise factual issue relevant to the Fourth Amendment analysis, we uphold a trial court's denial of a motion to suppress if there was a reasonable view to support it." (cleaned up)).

2

2. The district court did not violate Burks's Sixth Amendment right to self-representation. "To invoke the right," a defendant "must make a timely unequivocal, voluntary and intelligent request." *United States v. Telles*, 18 F.4th 290, 302 (9th Cir. 2021) (cleaned up); *see also Faretta v. California*, 422 U.S. 806, 834 (1975). "[V]iolation of a defendant's Sixth Amendment right to choose his or her defense is a structural error, and the proper remedy is a new trial." *United States v. Read*, 918 F.3d 712, 715 (9th Cir. 2019). "Because a defendant normally gives up more than he gains when he elects self-representation, we must be reasonably certain that he in fact wishes to represent himself." *Adams v. Caroll*, 875 F.2d 1441, 1444 (9th Cir. 1989); *see also Brewer v. Williams*, 430 U.S. 387, 404 (1977) ("[C]ourts indulge in every reasonable presumption against waiver.").

On this record and viewed in context, Burks's remark on the first day of trial that "I might as well represent myself" was neither clear nor unequivocal. *See Clark v. Broomfield*, 83 F.4th 1141, 1150 (9th Cir. 2023) ("Emotional or impulsive requests for self-representation are . . . considered to be equivocal."); *Jackson v. Ylst*, 921 F.2d 882, 888–89 (9th Cir. 1990) ("[T]he trial court properly may deny a request for self-representation that is 'a momentary caprice or the result of thinking out loud.'" (quoting *Adams*, 875 F.2d at 1445)). Burks made the statement after a lengthy, animated exchange with the court, during which he expressed frustrations about an unavailable witness and the court's denial of his request to continue trial

so he could try and locate the witness. *See Jackson*, 921 F.2d at 888–89; *Clark*, 83 F.4th at 1151 (finding defendant's request was "part of an emotional outburst . . .in response to a" denial of a motion and therefore equivocal).

3. The district court did not plainly err in conducting the first day of trial in Burks's absence. *See United States v. Yijun Zhou*, 838 F.3d 1007, 1010–11 (9th Cir. 2016) ("Because Defendant did not raise the issue before the district court, we review for plain error."); Fed. R. Crim. P. 52(b). While a "defendant has the right to be present at every stage of the trial," *United States v. Rosales-Rodriguez*, 289 F.3d 1106, 1109 (9th Cir. 2002), the right may be waived, "provided such waiver is voluntary, knowing, and intelligent," *Campbell v. Wood*, 18 F.3d 662, 671 (9th Cir. 1994). *See also Taylor v. United States*, 414 U.S. 17, 20 (1973) (finding valid waiver where defendant voluntarily absented himself from trial).

Consistent with his stated intent to do so, Burks willfully refused to participate in the proceedings. Both counsel and the district court advised Burks of his right to be present and the risks of waiver. The district court also made a "robust inquiry" and set forth detailed factual findings that Burks voluntarily, knowingly, and intelligently absented himself from the proceedings. *See* Fed. R. Crim. P. 43(c)(1)-(2); *Taylor*, 414 U.S. at 18–19. Moreover, the district court provided defense counsel the opportunity to periodically consult with Burks during jury selection and the trial proceedings. It also provided Burks with a live audio

4

feed of the proceedings. And, the district court admonished the jury from considering or drawing any adverse inferences about Burks's absence—which was only on one day of the four-day trial. His presence thus would not "conceivably have changed the result" of the proceedings, especially in light of overwhelming evidence of guilt. *See Hovey v. Ayers*, 458 F.3d 892, 902–03 (9th Cir. 2006); *United States v. Reyes*, 764 F.3d 1184, 1193 (9th Cir. 2014) (finding defendant's absence from voir dire harmless in light of overwhelming evidence of guilt).

4. Any purported vouching did not render Burks's trial unfair. "[V]ouching may occur" when the prosecution "place[s] the prestige of the government behind the witness or . . . indicate[s] that information not presented to the jury supports the witness's testimony." *United States v. Roberts*, 618 F.2d 530, 533 (9th Cir. 1980). "Because" Burks "failed to object to the vouching, we review for plain error." *United States v. Brooks*, 508 F.3d 1205, 1209 (9th Cir. 2007). Even assuming the prosecution vouched for two witnesses by asking whether they won an award for their investigation of Burks's case and whether the awards would affect their testimony, no plain error occurred. *See United States v. Harrison*, 585 F.3d 1155, 1158–59 (9th Cir. 2009). The brief, isolated exchanges, "in the context of the entire record," neither materially affected the jury's ability to weigh the evidence impartially nor otherwise amounted to a miscarriage of justice. *United States v. Williams*, 989 F.2d 1061, 1072 (9th Cir. 1993).

5. The district court did not abuse its discretion by admitting select clips of the child pornography at issue, as opposed to the entirety of the videos. *See United States v. Preston*, 873 F.3d 829, 835 (9th Cir. 2017) ("This Court reviews challenged evidentiary rulings for abuse of discretion."). The district court reasonably excluded the entire videos to prevent undue prejudice, confusion, or wasted time. *See* Fed. R. Evid. 403; *cf. Preston*, 873 F.3d at 842 (finding undue prejudice in trial court's admission of a similar, sexually explicit video given that "the visceral impact" of the evidence "far exceed[ed] its probative value." (cleaned up)); *United States v. Ono*, 918 F.2d 1462, 1466 (9th Cir. 1990) ("We do not think it necessary to require a mechanical recitation of Rule 403 to conclude that the district court performed the required balancing where the issue has been clearly put before the court."). Furthermore, any error was harmless beyond a reasonable doubt. *United States v. Haischer*, 780 F.3d 1277, 1281 (9th Cir. 2015). Beyond the videos, the evidence against Burks was overwhelming.

6. The district court erred when it applied the obstruction of justice enhancement to Burks's sentence. *See United States v. Gasca-Ruiz*, 852 F.3d 1167 1170 (en banc) (explaining standard of review). The two-level obstruction of justice enhancement applies when a "defendant willfully obstructed or impeded . . . the administration of justice," and his "obstructive conduct related to the . . . offense of conviction." *See* U.S.S.G. § 3C1.1. "[F]light by itself" or

"disappear[ing] from the jurisdiction and not disclos[ing] one's whereabouts to the government does not warrant [this] enhanced punishment." *United States v. Stites*, 56 F.3d 1020, 1026 (9th Cir. 1995); U.S.S.G. § 3C1.1, application note 5 (noting same). Although Burks relocated to another local jurisdiction, nothing in the record suggests that he willfully obstructed or impeded the administration of justice beyond avoiding initial arrest. *See United States v. Madera-Gallegos*, 945 F.2d 264, 266 (9th Cir. 1991) (holding nine-month escape to Mexico as insufficient ground for obstruction of justice enhancement); *Stites*, 56 F.3d at 1026 (holding flight from jurisdiction and use of aliases while hiding insufficient ground for enhancement); *cf. United States v. Mondello*, 927 F.2d 1463, 1466-67 (9th Cir. 1991) (finding enhancement proper where defendant, post-arrest, "played a cat-and-mouse game of avoiding the authorities"). We therefore reverse the application of the enhancement, vacate Burks's sentence, and remand for resentencing. *See, e.g.*, *United States v. Herrera-Rivera*, 832 F.3d 1166, 1175 (9th Cir. 2016) (requiring resentencing "[w]hen a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range" (quoting *Molina-Martinez v. United States*, 578 U.S. 189, 198 (2016))).

**AFFIRMED in part, VACATED and REMANDED in part** for proceedings consistent with this memorandum.