772 P.2d 1248

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Denver James BURTON, Defendant–Appellant.**

**No. 17555.**

Court of Appeals of Idaho.

May 3, 1989.

Ada County Public Defender, by John B. Todd, Deputy Public Defender, Boise, for defendant-appellant.

Jim Jones, Atty. Gen. by Michael J. Kane, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Denver James Burton stands convicted of two counts of aggravated battery, and one count of using a firearm during the commission of a crime. The sole issue on appeal is whether the district judge at trial erred in excluding evidence offered by Burton's counsel under the "excited utterance" exception to the hearsay rule. Today, we uphold the judge's ruling and affirm the judgment of conviction.

The facts may be summarized briefly. Burton and his eighteen-year-old son were drinking at a tavern in Boise, when a disagreement arose over who would light a woman's cigarette. Burton's son attempted to light the cigarette, but another bar patron blew it out. An altercation followed. At some point, Burton pulled out a pistol and fired two shots into the ceiling. Shortly thereafter, he and his son exited through a side door and walked to their car. Two bar patrons followed them. Burton fired another shot. The bullet struck one of the patrons in the forearm and then ricocheted, striking the other patron in the chest.

These events resulted in Burton's arrest on the two charges of aggravated battery, coupled with the allegation that he had used a firearm while committing the crimes. At trial, defense counsel argued that Burton had fired the gun in defense of himself and his son. However, Burton did not testify. The son, when called as a witness by the prosecutor, attempted to repeat to the jury a remark his father had made to him as they drove away from the bar. The remark, as later explained in proceedings outside the jury's presence, was, "I had to shoot them. They were going to rat-pack us.... I had to do it for you." The prosecutor objected. The judge refused to allow such testimony by the son, deeming it to be inadmissible hearsay. Burton ultimately was convicted, and this appeal followed.

■ On appeal, Burton does not challenge the judge's threshold determination

that the remark, as repeated by his son, was hearsay. Although the remark was the statement of a party, it was not an admission qualifying as nonhearsay under I.R.E. 801(d)(2). Neither was it a prior statement of a witness under Rule 801(d)(1), because Burton never became a witness. Consequently, the statement was hearsay, and the issue was narrowed to one of the exceptions to the exclusion of hearsay evidence—an "excited utterance" under Rule 803(2).[1] The rule provides as follows:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness.
>
> . . . .
>
> (2) Excited utterance. A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.

■■■■■ "The rationale for the excited utterance exception lies in the special reliability which is regarded as furnished by the excitement suspending the declarant's powers of reflection and fabrication." E. CLEARY, McCORMICK ON EVIDENCE § 297 at 855 (3d ed.1984). This exception has two requirements. First, there must be a startling event which renders inoperative the normal reflective thought processes of the observer. Second, the declarant's statement must be a spontaneous reaction to that event rather than the result of reflective thought. *State v. Parker*, 112 Idaho 1, 730 P.2d 921 (1986). Whether these requirements have been met is a determination vested in the sound discretion of the trial court. We will not disturb the trial court's finding unless an abuse of that discretion is shown. *Id.*

■■■ Here, the judge found that the second requirement had not been satisfied. Although a startling set of events—the altercation and the firing of the pistol—had occurred, the judge was not persuaded that Burton's subsequent remark was a spontaneous, nonreflective reaction to those events. The remark was uttered some five minutes later, after Burton and his son had driven away from the bar. The remark was removed by time and distance from the events. Moreover, the remark was self-serving. Although this does not conclusively signify that the remark was nonspontaneous, the exculpatory content of the remark is a factor to be weighed in determining whether it was a product of reflective thought. We further note that Burton was under no apparent stress from the continuing effects of any physical trauma. *Compare, e.g., State v. Parker, supra; People v. Poggi*, 45 Cal.3d 306, 246 Cal.Rptr. 886, 753 P.2d 1082 (1988).

In sum, these circumstances do not point to any "special reliability" that would entitle Burton's remark to admission under an exception to the hearsay exclusion rule. Therefore, we uphold the judge's discretionary ruling. The judgment of conviction is affirmed.

■■■■

---

**1.** At trial, Burton's counsel also attempted to have the son's testimony admitted under I.R.E. 803(3)—the "state of mind" exception to the hearsay rule. The trial judge refused. On appeal, Burton has not contested this ruling.