**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49816**

| | |
|---|---|
| STATE OF IDAHO,<br><br>      **Plaintiff-Respondent,**<br><br>v.<br><br>**RORI RUTH HILTON,**<br><br>      **Defendant-Appellant.** | ) **Filed: November 29, 2023**<br>)<br>) **Melanie Gagnepain, Clerk**<br>)<br>) **THIS IS AN UNPUBLISHED**<br>) **OPINION AND SHALL NOT**<br>) **BE CITED AS AUTHORITY** |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald F. Schroeder, District Judge. Hon. David D. Manweiler, Magistrate Judge.

Decision of the district court, on intermediate appeal from the magistrate court, affirming judgment of conviction for misdemeanor battery, <u>affirmed</u>.

Erik Lehtinen, Interim State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Chief Judge

Rori Ruth Hilton appeals from the decision of the district court, on intermediate appeal from the magistrate court, affirming her judgment of conviction for misdemeanor battery. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Hilton was lying in bed when the victim, Hilton's eighteen-year-old daughter, returned home to get a carpet shampooer to use at her brother's house. Hilton confronted the victim as she was leaving with the carpet shampooer, demanding to know where she was taking it. When the confrontation escalated and turned physical, the victim called her father who directed her to call 911. Officers were dispatched to Hilton's residence where they found the victim with bruising

1

that progressed into a black eye and purple marks around her neck.  The victim also developed bruising around her ribs.

The State charged Hilton with misdemeanor battery.  I.C. § 18-903.  During the ensuing jury trial, the magistrate court admitted a recording of the victim's 911 call over Hilton's hearsay objection, reasoning the victim's statements during the call were admissible as an excited utterance.  At the conclusion of the presentation of evidence, the magistrate court rejected Hilton's proposed jury instruction on the defense of property.  The jury subsequently found Hilton guilty of misdemeanor battery.  Hilton appealed to the district court, which affirmed Hilton's judgment of conviction.  Hilton again appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, we review the magistrate court record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings.  *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009).  However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court.  *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014).  Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefore, and either affirm or reverse the district court.

## III.

## ANALYSIS

Hilton contends that the magistrate court erred by admitting a recording of the victim's 911 call as an excited utterance and rejecting Hilton's proposed defense of property jury instruction.  Hilton further argues that, even if harmless individually, these errors combined amount to cumulative error.  The State responds that the magistrate court did not err in admitting the recording of the 911 call under the excited-utterance exception to hearsay and that the magistrate court did not abuse its discretion in declining to give a defense of property jury instruction because such an instruction was not supported by the evidence.  We hold that the district court did not err

2

in affirming the magistrate court's ruling admitting the recording of the 911 call and denying Hilton's request for a defense of property jury instruction.

## A.  Excited Utterance

Hilton asserts that the 911 call made by the victim was inadmissible hearsay and that the victim's statements made during the call did not qualify as excited utterances because the statements were self-serving, were made after the victim called her father who prompted her to call 911, and were made in response to questions by the 911 dispatcher. Hilton has failed to show error in the admission of the recording of the 911 call.

Hearsay is defined as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. I.R.E. 801(c); *State v. Gomez*, 126 Idaho 700, 704, 889 P.2d 729, 733 (Ct. App. 1994). Hearsay is inadmissible unless otherwise provided by an exception in the Idaho Rules of Evidence or other rules of the Idaho Supreme Court. I.R.E. 802. Idaho Rule of Evidence 803(2) provides an exception to the rule against hearsay for an excited utterance. The rule defines an excited utterance as a statement relating to a startling event or condition, made while the declarant was under the stress of the excitement that it caused. To qualify as an excited utterance, there must be a startling event that renders inoperative the normal reflective thought process of the declarant and the declarant's statement must be a spontaneous reaction to that event rather than the result of reflective thought. *State v. Parker*, 112 Idaho 1, 4, 730 P.2d 921, 924 (1986). Whether a statement falls within this exception is a determination left to the trial court's discretion while considering the totality of the circumstances. *State v. Stover*, 126 Idaho 258, 263-64, 881 P.2d 553, 558-59 (Ct. App. 1994). The circumstances to be considered by the trial court include the amount of time elapsed between the startling event and the statement, the nature of the condition or event, the age and condition of the declarant, the presence or absence of self-interest, and whether the statement was volunteered or made in response to a question. *State v. Hansen*, 133 Idaho 323, 325, 986 P.2d 346, 348 (Ct. App. 1999).

Hilton does not dispute that the physical altercation between herself and the victim, which preceded the victim's statements during the 911 call, would be sufficiently startling to render the victim's normal reflective thought inoperative. Instead, Hilton argues that the victim's statements to the 911 dispatcher were reflective (rather than spontaneous) because the victim called 911 only

3

after calling her father (who prompted her to call 911), were made in response to questions, and were self-interested. We disagree.

Contrary to Hilton's argument, the record reflects that the victim and her father spoke on the phone *during* the physical altercation and that, once the altercation ended, the victim "immediately" called 911. When speaking with 911, the victim said: "I called [my dad] [and] he heard [Hilton] beat the shit out of me on the phone." Similarly, the victim told law enforcement that, during the altercation, she was "yelling for [her] dad to help, cause he was still on the phone." Nevertheless, the magistrate court considered any time lapse and found "these incidents can have a longer life than just immediately afterwards," noting that the victim "testified she was still under the influence of the excitable event" when she made the 911 call. Consistent with these findings, the recording of the 911 call reflects the victim was still crying and emotional when she was talking to the dispatcher. Additionally, there is no indication that the victim's father coached the victim on what to say when calling 911. That the victim called 911 after being directed to do so by her father does not create an inference that the victim's statements during the call were the product of reflective thought.

The substance of the victim's statements to the 911 dispatcher, although in response to one open-ended question, were still excited utterances. As the Idaho Supreme Court has explained: "the presence of an open-ended question does not negate a statement's admissibility as an excited utterance where it still bears the requisite indicia of spontaneity." *State v. Thorngren*, 149 Idaho 729, 735, 240 P.3d 575, 581 (2010). Thus, a statement may still qualify as an excited utterance even if the statement is made in response to a question asking "what [is] wrong." *Id*. at 732, 240 P.3d at 578. Similar to *Thorngren*, the dispatcher asked the victim, "What's going on there?" In response, the victim described the events giving rise to the 911 call. The victim's responsive statements maintained the indicia of spontaneity necessary to qualify as excited utterances.

We also consider the extent to which the victim's statements were exculpatory in determining whether the statements were the product of reflective thought. *See State v. Burton*, 115 Idaho 1154, 1156, 772 P.2d 1248, 1250 (Ct. App. 1989) (stating that the "exculpatory content of the remark is a factor to be weighed in determining whether it was a product of reflective thought"). The fact that a statement is self-serving in the sense that it is exculpatory is not dispositive of whether it qualifies (or does not qualify) as an excited utterance. In other words,

4

just because a statement is self-serving, does not mean it is not also an excited utterance for purposes of admissibility under I.R.E. 803(2). *See id.* (holding a statement was not an excited utterance because it was self-serving, "removed by time and distance" from the startling event, and was not made under "apparent stress from the continuing effects of any physical trauma"); *see also State v. Ogden*, 171 Idaho 843, 855-56, 526 P.3d 1013, 1025-26 (2023) (holding denials of illegality when confronted by law enforcement did not qualify as excited utterances because denials were self-serving and were made in response to a statement of fact, not a startling event).

To the extent the victim's statements to the 911 dispatcher were self-serving because the victim accused Hilton of hitting the victim and indicated that Hilton would lie and accuse the victim of initiating the altercation, such is insufficient to conclude the statements were not excited utterances. Weighing all of the relevant factors, the statements were properly characterized as excited utterances and admitted under I.R.E. 803(2). Hilton has failed to show the district court erred in affirming the magistrate court's evidentiary ruling admitting the recording of the 911 call made by the victim.

**B.    Defense of Property Jury Instruction**

Hilton argues that the district court erred in affirming the magistrate court's decision to reject a defense of property jury instruction. Specifically, Hilton contends the defense of property instruction was required because it was supported by evidence from which a reasonable jury could find that Hilton's battery of the victim was a reasonable response to the victim attempting to take Hilton's carpet shampooer. We disagree.

Whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993). A defendant is entitled to a jury instruction on his or her theory of the case, but only if there is evidence supporting that theory. *State v. Walsh*, 141 Idaho 870, 877, 119 P.3d 645, 652 (Ct. App. 2005).

Pursuant to I.C. § 19-202(1)(b), a person may use resistance to "prevent an illegal attempt by force to take or injure property in his [or her] lawful possession." Hilton contends she was entitled to a defense of property because, she argues, the evidence supports her theory that she

5

battered the victim in order to prevent the victim from taking Hilton's carpet shampooer. The evidence Hilton cites in support of this argument is the evidence showing the dispute began because the victim was taking Hilton's carpet shampooer. While the dispute began as Hilton describes, the evidence does not support her claim that she battered the victim to prevent the victim from taking the shampooer. Hilton's own statements to the responding officers belie any claim to the contrary. As depicted in one officer's on-body video, Hilton told the officers:

> I was laying in bed. I asked her where she was taking my shampooer. She started running her mouth. I told her to get out of my house. She said "no." *I grabbed ahold of her and told her just get out of my house*. She grabbed ahold of me by my hoodie, started pushing me back. I started pushing back. Then, I was standing right here [gesturing], she came at me again, and I defended myself. She says, "you wanna fight?" She swung at me, and I went to kicking her ass. Yes, I did. That's my kid. I am tired of the disrespect. . . . You know what? I gave birth to her. I've given her everything she's ever had in her life. She can get out of my house. I'm done.

(Emphasis added).

Hilton's recitation of events reveals that she initiated force by grabbing the victim because Hilton wanted the victim out of the house and was "tired of the disrespect," not because Hilton was trying to "prevent an illegal attempt to take" her carpet shampooer. The magistrate court and the district court correctly concluded that Hilton was not entitled to a defense of property jury instruction.

**C.      Cumulative Error**

Finally, Hilton contends that the cumulative error doctrine necessitates a reversal of her conviction. Under the doctrine of cumulative error, a series of errors harmless in and of themselves may, in the aggregate, show the absence of a fair trial. *State v. Adamcik*, 152 Idaho 445, 483, 272 P.3d 417, 455 (2012). A necessary predicate to the application of the doctrine is a finding of more than one error. *Id*. Because Hilton has failed to demonstrate at least two errors, a necessary predicate to the application of the cumulative error doctrine, she is not entitled to relief based on cumulative error.

**IV.**

**CONCLUSION**

Hilton failed to show the district court erred in affirming the magistrate court's decision admitting the victim's statements made during the 911 call as excited utterances or in affirming

6

the magistrate court's denial of her request for a defense of property jury instruction. Consequently, Hilton also failed to show a cumulative error. The decision of the district court, on intermediate appeal from the magistrate court, affirming Hilton's judgment of conviction for misdemeanor battery is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.